Per Curiam.
The only question on this appeal is whether the answer was frivolous. To support a judgment ordered for such reason, the answer must be clearly bad, not calling for deliberation upon the issues it attempts to make. There appears, however, a question of which it cannot be said that it admits of an answer that cannot be rationally and intelligently debated.
The complaint is against the indorsers of a promissory note. The complaint does not allege that demand of payment and notice of non-payment were or were not made and given. It alleges “ that at or about the date of the maturity of said note, each of the said individual defendants, in writing, duly and wholly waived demand of payment, protest and non-payment, and protest of said note.” The complaint does not aver that the defendant at the time of the alleged waiver or at any time dehors the noté, promised to pay it, or its amount.
The answer alleges as to the waiver, that it was in fact made after the maturity of the note, although at the time of waiver, the defendants thought the note had not matured. Such is the effect of the answer, although the form is “ that on the day of said waiver this defendant was wholly ignorant, the said note was then over-due and unpaid,” etc. Of course, if the fact had been as the defendant believed, the waiver would have justified the plaintiff- in not demanding payment, etc.
On the answer as to the waiver being after maturity, a question is, what is the effect of waiving a demand which *198 should have been made in the past. If waived before maturity, the principle of estoppel in pais, binds the indorser. But otherwise, how are rights that have become fixed, affected ? If there be a promise to pay after maturity, the law is well settled. But does a mere waiver, and no more, create an implied promise which would be of value equivalent to an express promise. Or do the waiver, and the circumstances under which it was made, make a question for the jury as to whether the parties understood that the indorser did promise to pay with a knowledge of the laches. If there be a waiver of the kind pleaded, and it proves, in any way, as matter of law or of fact, through a jury that the defendant promised to pay, is the plaintiff to show that the defendant had knowledge of laches, or the defendant to show that he had not. At least, some of these questions are of a relevancy and solidity that prevents its being frivolous to raise them.
The order below should be reversed with $10 costs, and disbursements to be taxed, and the motion below denied with $10 costs to defendant, to abide event.